STATE of Minnesota, Appellant,

v.

David Hugh KALDAHL, Respondent.

No. C2-85-1668.

Court of Appeals of Minnesota.

Feb. 18, 1986.

Michael L. Kirk, Otter Tail Co. Atty., David J. Hauser, Asst. Co. Atty., Fergus Falls, for appellant.

Richard C. Hefte, Rufer, Hefte, Pemberton, Schulze, Sorlie, Sefkow & Kershner, Fergus Falls, for respondent.

Considered and decided by POPOVICH, C.J., and PARKER and FOLEY, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

The State of Minnesota appeals from an August 14, 1985 order dismissing its criminal misdemeanor complaint against David H. Kaldahl under Minn.Stat. § 105.42, subd. 1 (1984). We dismiss the appeal.

## FACTS

The subject of this prosecution, Lake Five, is located in Section 5 of Hobert Township in Otter Tail County, Minnesota. In 1976, Kaldahl purchased the land surrounding Lake Five from William Bollenbach for use as a resort. In 1984, Kaldahl dug a channel across a peninsula on Lake Five. The complaint charged Kaldahl with altering a cross-section of protected *public* waters (Lake Five) without a permit under Minn.Stat. § 105.42, subd. 1 (1984). Following the parties' partial stipulation to facts and submission of legal memoranda, the trial court, sitting without a jury, determined that Lake Five was a *private* body of water since *State v. Bollenbach*, 241 Minn. 103, 63 N.W.2d 278 (1954), and that Kaldahl had not violated Minn.Stat. § 105.-42, subd. 1.

## ISSUE

Is appeal by the State barred under the circumstances of this case?

## ANALYSIS

The appeal before us is barred by the double jeopardy clauses of the United States and Minnesota Constitutions. Although the State characterizes its appeal as a pretrial appeal, the trial court's determination that respondent did not violate Minn. Stat. § 105.42 (1984) is, in essence, a judgment of acquittal.

In *State v. Abraham*, 335 N.W.2d 745 (Minn.1983), the supreme court held that when a trial court, acting as a trier of fact, determines that entrapment exists, it ends the prosecution and constitutes an acquittal from which the state may not appeal under the double jeopardy clause. In so holding,

the supreme court relied on *United States v. Scott*, 437 U.S. 82, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978), for the general principal that:

"A judgment of acquittal, whether based on a jury verdict of not guilty or a ruling by the court that the evidence is insufficient to convict, may not be appealed and terminates the prosecution when a second trial would be necessitated by a reversal."

*Abraham*, 335 N.W.2d at 748 (quoting *Scott*, 437 U.S. at 91, 98 S.Ct. at 2194).

The supreme court noted that under *Scott*, the trial court's characterization of its own action was not dispositive of whether a ruling constitutes a judgment of acquittal in that "one must look behind the label and determine whether the trial court's ruling relates to the question of the defendant's factual guilt or innocence." *Abraham*, 335 N.W.2d at 748. The *Abraham* court concluded that the *Scott* decision and its principle were binding on the states to the same extent as the rule that jeopardy attaches when a jury is impaneled or, in a bench trial, when the first witness is sworn or when evidence is taken. *Abraham*, 335 N.W.2d at 748 *citing Crist v. Bretz*, 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978).

In the present case, the trial court found that Lake Five was a private body of water since *Bollenbach*. William Bollenbach, the seller here was a party to that action. The trial court further determined that the permit requirements of Minn.Stat. § 105.42 only applied to *public* waters in the State of Minnesota and, accordingly, respondent had not violated the statute. This ruling determined respondent's factual guilt or innocence. "[T]he fact that 'the acquittal may result from erroneous evidentiary rulings *or erroneous interpretations of governing legal principles,*' * * * affects the accuracy of that determination, but it does not alter its essential character." *Scott*, 437 U.S. at 98, 98 S.Ct. at 2197 (quoting *Scott*, 437 U.S. at 106, 98 S.Ct. at 2201 (Brennan, J., dissenting) (emphasis supplied) ).

## DECISION

The trial court's conclusion that respondent had not violated Minn.Stat. § 105.42 was a factual determination of respondent's guilt or innocence and thus a judgment of acquittal from which the state may not appeal under the double jeopardy clause.

Appeal dismissed.